IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMAAL CHARLES,

             **Plaintiff,**

v.

SGT. TATE,
SGT. TAYLOR, and
BRANDY THOMASON,

             **Defendants.**

**Case No. 25-cv-01913-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jamaal Charles, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on April 22, 2023, he was leaving his shift as a dietary worker when he was approached by Sergeant Tate for a "patdown." (Doc. 11, p. 5, 10). He states that Tate assumed Plaintiff had a prohibited item in his possession. (*Id.* at p. 5). During the patdown, Tate touched Plaintiff's penis and asked Plaintiff what it was. (*Id.*). When Plaintiff responded that what Tate was touching was his penis, Tate did not believe him. (*Id.*). Tate told Plaintiff that if he was

Page 1 of 7

not hiding anything then he should show Tate his penis. (*Id.*). Plaintiff refused, but Tate again repeated his instructions for Plaintiff to show his penis. (*Id.* at p. 5, 10). Plaintiff then exposed himself as instructed. (*Id.*). At one point in the First Amended Complaint, he states that Tate forced him to expose himself in front of Sergeant Taylor and Lieutenant Thomason, as well as other dietary workers. (*Id.* at p. 5-6). He also asserts that Lieutenant Vaughn and an unnamed major were in the area but did not see his penis. (*Id.*). Later in the First Amended Complaint, however, Plaintiff asserts that the search was conducted with no other staff present to supervise in violation of the Prison Rape Elimination Act (PREA), policy, and federal standards. (*Id.* at p. 10).

Plaintiff claims that incident caused him to feel ashamed, embarrassed, and fear for his safety. (Doc. 11, p. 6). Tate did not find anything in Plaintiff's possession. (*Id.*). Plaintiff states he filed a PREA complaint and was interviewed by Internal Affairs Officers Lee and Constantino. (*Id.*).

## PRELIMINARY DISMISSALS

As mentioned, Plaintiff's allegations regarding the involvement by Sergeant Taylor and Lieutenant Thomason in the pat down incident are unclear. He states that they were present during the pat down but then also asserts that no other member of staff was present during the pat down. Also noteworthy is that neither Taylor nor Thomason are mentioned in the grievances attached as exhibits to the First Amended Complaint. (*See* Doc. 11, p. 13, 16, 17, 20). As pled, the Court cannot plausibly infer that Taylor and Thomason violated Plaintiff's constitutional rights. All claims against them are dismissed without prejudice.

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:**     Eighth Amendment claim against Sergeant Tate for subjecting

Plaintiff to an unconstitutional search on April 22, 2023.[1]

**Count 2:**   Fourth Amendment claim against Sergeant Tate for subjecting Plaintiff to an unconstitutional search on April 22, 2023.

**Count 3:**   PREA violation claim against Sergeant Tate.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### Counts 1 and 2

Plaintiff claims that Sergeant Tate did not have a legitimate security or medical justification for requiring him to expose himself on April 22, 2023, during the pat down. These allegations are sufficient to state an Eighth Amendment claim against Tate for conducting an allegedly harassing strip search, and Count 1 will proceed. *See Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003).

Plaintiff has also stated a claim for a violation of the Fourth Amendment's right to bodily privacy for the unreasonable strip search that was conducted by Sergeant Tate. *See Henry v. Hultett,* 969 F.3d 769, 779 (7th Cir. 2020). Count 2 survives review under Section 1915A.

### Count 3

Plaintiff asserts that Defendants violated PREA policies and standards by failing to "follow federally required procedures to prevent and respond to sexual misconduct in prison." (Doc. 11, p. 11).

Plaintiff, however, does not have a cause of action under the Prison Rape Elimination Act

---

[1] To the extent Plaintiff is bringing a substantive due process claim for the search conducted by Sergeant Tate, the Court will examine that claim solely under the Eighth and Fourth Amendments, and his Fourteenth Amendment substantive due process claim is dismissed. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

(PREA) because PREA "does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *See Summers v. Waggoner*, No. 19-cv-01338-SMY, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020) (collecting cases). Accordingly, Count 3 is dismissed.

### MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed Motions for Recruitment of Counsel (Doc. 3, 14, 16), which are **DENIED**.[3] In an attempt to find an attorney on his own, Plaintiff states that he wrote to three attorneys, but they would not accept his case pro bono. (Doc. 14, p. 1). Plaintiff provides the names and addresses for the attorneys but no other supporting documentation. (Doc. 16). Based on this limited information, the Court cannot determine that Plaintiff has made sufficient efforts to find a lawyer. Thus, Plaintiff has failed to meet his threshold burden of demonstrating reasonable attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff argues that he is unable to proceed pro se because his facility is constantly on lockdown, which prevents him from obtaining proper resources. (Doc. 14, p. 2). Limited access to the law library or other resources is not unique to Plaintiff as an incarcerated pro se litigant and does not necessarily necessitate counsel. This case is in the very early stages, and extensive argument and legal research are not required. The Court will provide Plaintiff with instructions on deadlines and the discovery process. *See Kadamovas v. Steven,* 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). The Court will also extend deadlines for good cause shown. Plaintiff has some high school education, and the assistance of other inmates, (*See* Doc. 3), and he has demonstrated an ability to clearly communicate with the Court and follow directions. Plaintiff, therefore, is

---

[3] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

competent to try this matter without representation at this juncture. Once discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts to obtain a lawyer on his own, such as when he contacted each firm. He should also include supporting documentation with his renewed motion, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **2** will proceed against Tate. **COUNT 3** is **DISMISSED with prejudice**. All claims against Sergeant Taylor and Lieutenant Thomason are **DISMISSED without prejudice**, and the Clerk of Court shall **TERMINATE** them as parties on the docket.

The Motion for Status is **GRANTED** in light of this Order. (Doc. 15). The Motions for Recruitment of Counsel are **DENIED**. (Doc. 3, 14, 15).

The Clerk of Court **SHALL** prepare for Defendant Tate the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendant needs only to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 21, 2026**

  *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.